ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
FRANK D. KORTUM
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 110984
     United States Courthouse
     312 North Spring Street, Suite 1400
     Los Angeles, California 90012
     Telephone: (213)894-5710
     Facsimile: (213)894-7177
     E-Mail:   Frank.Kortum@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  8:09-cv-01129-JHN-MLGx |
| Plaintiff, | |
| v. | **CONSENT JUDGMENT** |
| ONE BLUE NISSAN SKYLINE AND ONE RED NISSAN SKYLINE, | |
| Defendants. | |
| GT-A INTERNATIONAL, LTD., | |
| Claimant. | |

On October 1, 2009, plaintiff United States of America ("plaintiff" or the "government") filed a Complaint for Forfeiture against the defendant seized property as follows: one Blue Nissan Skyline and one Red Nissan Skyline (hereinafter "defendants"). The government alleged that the defendant seized property was subject to forfeiture pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a.

On October 30, 2009, claimant GT-A International Ltd. (hereinafter "claimant") filed a claim. On November 16, 2009, Claimant filed an Answer to the Complaint for Forfeiture. No other claims, statements of interest, or answers have been filed, and the time for filing claims, statements, and answers has expired.

The government and claimant have agreed to settle this forfeiture action and to avoid further litigation.

The Court having been duly advised of and having considered the matter, and based upon the consent of plaintiff and claimant,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

2. The Complaint for Forfeiture states claims for relief pursuant to 18 U.S.C. § 545 and 19 U.S.C. § 1595a(c)(1)(A) and/or (c)(2)(A).

3. Notice of this action has been given in accordance with law. All potential claimants to the defendants other than claimant are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

4. Claimant agrees to pay, no later than August 22, 2011, a total of $24,500.00 as payment toward storage costs and an amount in

-2-

1  lieu of forfeiture of the defendant seized property.  The payment

2  must be received by U.S. Customs and Border Protection ("CBP") no

3  later than August 22, 2011.  Such payment shall be made by cashier's

4  check or money order payable to U.S. Customs and Border Protection

5  and sent to: Fines, Penalties, & Forfeitures Office, 301 East Ocean

6  Blvd., Ninth Floor, Long Beach CA 90802. The cashier's check or

7  money order should include FP&F number 2009-2705-000054. If Claimant

8  fails to pay as required by this paragraph, Claimant waives all of

9  its rights, titles, claims and interests in and to the defendants

10 and consents to the administrative forfeiture of the defendants with

11 no further notice.

12     5.  Claimant must make the necessary arrangements to ensure

13 that the defendants is physically exported from the United States no

14 later than 30 days after Claimant's tender of payment made pursuant

15 to paragraph 4. If the defendants are not exported within 30 days

16 after Claimant's tender of payment made pursuant to paragraph 4,

17 then Claimant waives all of its rights, titles, claims and interests

18 in the defendants and in any payments made to CBP pursuant to this

19 consent judgment, and Claimant consents to the seizure and

20 administrative forfeiture of the defendants with no further notice.

21     6.  Claimant shall promptly make arrangements for the

22 exportation of the defendants from the seaport of Los Angeles/Long

23 Beach California, United States, to one or two non-contiguous

24 countries.  The defendants must physically leave the United States

25 and cannot be placed into a Foreign Trade Zone, customs bonded

26 warehouse, or similar location within the United States.  No later

27 than July 28, 2011 and prior to presentation to the Export Desk,

28 Claimant shall present the Immediate Exportation Entry (CBP Form

-3-

7512) with an annotation in the body of the form stating "SEIZURE-FOR EXPORT ONLY" and all necessary and appropriate documents to CBP LA/LB Seaport Import Specialist Team 739 for review.  Upon approval by Team 739, Claimant shall file the Immediate Exportation Entry (CBP Form 7512) and all necessary and appropriate paperwork with the agency's Export Desk.  After the Immediate Exportation Entry has been approved by the Export Desk, Claimant must provide a complete and accurate copy of the approved export documents to FP&F.

7.  Upon satisfaction of Claimant's obligations in paragraphs 4 [payment] and 5 [export paperwork], CBP will release the defendants and notify the contract storage facility that the defendants may be released for export.

8.  The defendants must be transported from the storage facility to the port of exportation.  No parts, equipment, accessories, or other items of any nature whatsoever (other than paperwork) may be removed from the defendant.  The defendants will be exported subject to and upon inspection by officers or employees of either CBP or ICE, or both (at the option of such officers and employees) at the port prior to departure.

9.  Claimant agrees that it will provide to FP&F a copy of the on-board bill of lading(s) within 7 days of receipt by the carrier of the defendants for export from the United States.  In addition, Claimant agrees that it will provide to FP&F, within 7 days of its occurrence, proof of arrival and unlading of the defendant in the country to which it is exported or the first country in which the defendant seized property is unladen after its export from the United States.

-4-

10.   Claimant agrees that it will not import the defendants to the United States or any of its territories. Claimant bears the risk of any denial or refusal of entry of the defendants into a foreign country or territory.   If the defendants (or either of them) are returned to the United States or any of its territories for any reason, they shall be seized and Claimant waives all of its rights, titles, claims and interests in the defendants and any other merchandise used to facilitate the reintroduction of the defendants, as well as its rights, titles, claims and interests to any payments made to CBP pursuant to this consent judgment, and Claimant consents to the seizure and administrative forfeiture of the defendants and any facilitating property with no further notice.

11.   Claimant hereby releases and forever discharges the United States, its officers, agents, servants, and employees, their heirs, successors,   and   assigns,   from   any   and   all   actions,   suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity which Claimant, its heirs, successors, or assigns, ever had, now has, or may have in the future   in   connection   with   the   detention,   seizure,   forfeiture, remission, release, and/or other disposition of the defendants in this case.

12.   Claimant agrees to hold and save the United States, its officers, agents, servants, and employees, their heirs, successors, and assigns, harmless from, and indemnify for, any and all lawsuits or claims of any character whatsoever by any others, including costs and   expenses   for   or   on   account   of   such   lawsuits   or   claims,   in connection   with   the   detention,   seizure,   forfeiture,   remission, release, and/or other disposition of the defendants in this case.

-5-

13.   By entering this consent judgment Claimant agrees to withdraw its request to proceed to judicial forfeiture of the defendants.  Claimant waives and relinquishes all rights to contest this case, including all judicial review of the seizure of the defendants.  Any breach of the terms of this consent judgment shall enable CBP to proceed with the administrative forfeiture of the defendants without any further notice to Claimant.

14.   Claimant acknowledges that the government had probable cause for the seizure of the defendants.   The government and Claimant shall each bear their own attorney's fees and costs, if any, and waive any rights to any appeal of this action.

15.   The Court finds that there was reasonable cause for the seizure of the defendants and institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

16.   Within 90 days of satisfaction of paragraphs 7, 8, and 9, the agency will initiate the return of the CF301 bond, without interest, posted by claimant on August 28, 2009, concerning the seized property, to claimant through its counsel, Elon A. Pollack at Stein Shostak Shostak Pollack & O'Hara, LLP at 865 S. Figueroa St., Suite 1388, Los Angeles, California, 90017.

1

<u>CONSENT</u>

2          The government and claimants consent to judgment and waive

3    any right to appeal.

4

DATED:   August 5, 2011

5

6    _____

     THE HONORABLE JACQUELINE H. NGUYEN

7    UNITED STATES DISTRICT JUDGE

8

9    _____

DATED:   July ___, 2011           ANDRÉ BIROTTE JR.

10                                  United States Attorney
                                    ROBERT E. DUGDALE

11                                  Assistant United States Attorney
                                    Chief, Criminal Division

12                                  STEVEN R. WELK
                                    Assistant United States Attorney

13                                  Chief, Asset Forfeiture Section

14                                  _____

15                                  FRANK D. KORTUM
                                    Assistant United States Attorney

16

17                                  Attorneys for Plaintiff
                                    United States of America

18

DATED:   July ___, 2011           LAW OFFICES OF STEIN SHOSTAK SHOSTAK

19                                  POLLACK & O'HARA

20                                  _____

21                                  ELON A. POLLACK
                                    Attorney for Claimant

                                    GT-A International Ltd.

22

23

24

25

26

27

28

                                   -7-